IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                        Case No. 22-10085-JWB

COREY LOGAN,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for early termination of supervised release. (Doc. 19.) The United States Probation Office and the United States Assistant Attorney have informed the court that they do not contest the motion. (Doc. 20.) For the reasons indicated herein, the motion is GRANTED.

**I. Background and Standard**

Defendant pled guilty to possession of ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (Doc. 13.) On February 21, 2023, he was sentenced to 30 months to be followed by a 3-year term of supervised release. (Doc. 16.) As of December 1, 2025, Defendant has served 18 months of his supervised release term.[1] Defendant now moves for early termination of supervised release.

The court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §

---

[1] Defendant was released from prison on May 29, 2024. (Doc. 20 at 1.)

3583(e)(1).  Courts are also required by 18 U.S.C. § 3583(e) to consider the following factors set forth in § 3553(a): the nature and circumstances of the offense and the history and characteristics of the defendant; adequate deterrence; protection of the public; the need for effective education, training, care or treatment; the sentencing guideline factors and range in effect at the time of sentencing and any subsequent amendments; the pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and the need to provide victim restitution.  *United States v. Halcrombe*, No. 12-40030-JAR, 2022 WL 1421560, at *2 (D. Kan. May 5, 2022) (citations omitted); *See also United States v. Fykes*, No. 21-1222, 2022 WL 245516, at *2 (10th Cir. Jan. 27, 2022).  Whether to grant a motion to terminate a term of supervised release is a matter of sentencing court discretion.  *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

## II. Analysis

After considering the relevant factors, the court concludes the motion for early termination of supervised release should be granted.  Defendant's consistent and positive recent performance on supervised release is commendable and weighs in favor of the motion.  Defendant has fully complied with his conditions and has steady employment.

The government does not oppose early termination of supervised release as long as Defendant had completed eighteen months of supervised release.  Although Defendant had not yet completed eighteen months of supervised release at the time he filed his motion, eighteen months has now passed and Defendant has not had any violations and has been continuously employed.  The court finds that the statutory factors weigh in favor of terminating supervised release.

## IV. Conclusion

Defendant's Motion for Early Termination of Supervised Release (Doc. 19) is GRANTED.

IT IS SO ORDERED this 1st day of December 2025.

                                                                                  <u>s/ John W. Broomes</u>
                                                                                  JOHN W. BROOMES
                                                                                  UNITED STATES DISTRICT JUDGE